**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JODY ARSENEAULT,
an individual,

        Case No.:

    Plaintiff,

v.

UNITED WHOLESALE MORTGAGE, LLC,
a foreign limited liability company,
EQUIFAX INFORMATION SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

    Defendants.
_____/

## COMPLAINT

**COME NOW**, Plaintiff, JODY ARSENEAULT (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, UNITED WHOLESALE MORTGAGE, LLC (hereinafter, "UWM"), EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1

1. This is an action brought by individual consumers for damages for UWM's violation of the Fair Credit Reporting Act ("FCRA") wherein UWM misleadingly reported an alleged consumer credit account as past due in Plaintiff's consumer credit files as maintained by Experian, Equifax, and Trans Union.

2. More specifically, despite UWM acknowledging that Plaintiff was set up on autopay and confirmed that UWM would auto debit Plaintiff's account, UWM failed to auto debit her account, and after Plaintiff disputed UWM's reporting of such erroneous information directly to Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union, UWM *continued* to report the account as thirty (30) days late.

3. Furthermore, this is an action for damages for Equifax's, Experian's, and TransUnion's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") FCRA wherein Equifax, Experian, and Trans Union continued to misleadingly report Plaintiff as the individual responsible for the alleged late payment on the UWM account after Plaintiff repeatedly advised that UWM —not Plaintiff—was responsible for withdrawing the payment resulting an alleged late payment, and after Plaintiff provided information to Equifax, Experian, and Trans Union proving the same.

**JURISDICTION, VENUE & PARTIES**

4. Jurisdiction of this Court arises under 28 United States Code, Section

1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*, and supplemental jurisdiction exists permitting Plaintiff's breach of contract claims pursuant to 28 United States Code, Section 1367.

5. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6. Venue is proper in this District as the acts and transactions described herein occur in this District.

7. At all material times herein, Plaintiff is a natural person residing in Pinellas County, Florida.

8. At all material times herein, UWM conducts business with consumers residing in the state of Florida.

9. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

10. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

11. At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## **FCRA STATUTORY STRUCTURE**

12. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

13. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

14. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

15. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

16. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

17. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

18. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by

the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

19. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

20. At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c).

21. At all material times herein, UWM, itself and through its subsidiaries, regularly extends and services residential mortgages to consumers residing in Pinellas County, Florida and furnishes information to the national credit reporting agencies regarding such accounts.

22. At all material times herein, UWM is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

23. At all material times herein, UWM furnishes information concerning a

6

residential home mortgage referenced by account number ending -9347 (hereinafter, the "Account").

24. At all material times herein, UWM furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

25. At all material times herein, Equifax, Experian, and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax, Experian, and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

26. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

27. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### CREATION OF THE ALLEGED DEBT/ACCOUNT

28. During or about May 2024, Plaintiff opened a home mortgage with UWM (i.e., the Account).

29. During or about June 2024, Plaintiff requested to enroll in autopay with UWM.

30. On or about August 5, 2024, UWM sent an email to Plaintiff in which they confirmed that Plaintiff had successfully been enrolled in their autopay system, and that her September 2024 payment would be automatically processed on September 15, 2024.

31. In other words, as of September 15, 2024, Plaintiff was no longer responsible for making the payment, and instead, UWM was responsible for auto debiting the amount owed each month until the balance on the Account was satisfied.

32. Due to Hurricane Milton, Plaintiff contacted UWM in mid-October 2024 to request some form of financial relief.

33. Unbeknownst to Plaintiff, UWM informed her that she had failed to make her September 2024 payment.

34. However, in fact, UWM failed to auto debit for the payment amount in September 2024, and as a result, the loan was allegedly paid to UWM more than thirty (30) days past the monthly due date.

35. As a result of UWM's failure to timely withdraw the payment on the Account before the date it was due, UWM reported the Account as more than thirty

(30) days past due to Experian, Equifax, and TransUnion.

36. UWM's reporting of the Account as thirty (30) days late is materially misleading because UWM —and not Plaintiff—was responsible for auto debiting the payments required, as they indicated in the email they sent to Plaintiff on August 5, 2024.

**PLAINTIFF'S DISPUTES TO UWM
REGARDING THE ACCOUNT AND UWM'S,
EXPERIAN'S, EQUIFAX'S, AND TRANSUNION'S DISPUTE RESPONSES**

37. In or around October 2024, Plaintiff disputed the UWM account to Experian, Equifax, and Trans Union (hereinafter, Plaintiff's First Dispute").

38. Experian, Equifax, and Trans Union received Plaintiff's First Dispute and communicated the same to UWM.

39. UWM, Experian, Equifax, and Trans Union verified the Account as 30 days past due in response to Plaintiff's First Dispute.

40. As such, on or about December 10, 2024, Plaintiff disputed the Account to Experian, Equifax, and Trans Union and enclosed the email from UWM in which UWM stated they were responsible for auto debiting Plaintiff's Account (hereinafter, "Plaintiff's Second Dispute").

41. Equifax, Experian, and Trans union each received Plaintiff's Second Dispute and each communicated the same to UWM.

42. In response to Plaintiff's Second Dispute, UWM, Experian, Equifax,

and Trans Union each purportedly verified their respective reporting of the Account.

43. Beginning in October 2024, Experian, Equifax, and Trans Union generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders and such credit reports included UWM's materially misleading reporting of the Account.

44. More specifically, Plaintiff's creditors and potential lenders were misled to believe that Plaintiff was personally responsible for the late payment when in fact UWM was responsible for making the payment in a timely manner.

## DAMAGES

45. As a result of Defendants' reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she will be denied credit as a result of the misleading reporting of the Account with a missed payment if she needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

46. Overall, Plaintiff suffered damage to her credit reputation and credit scores as a result of Defendants' conduct.

47. Plaintiff retained Swift Law, PLLC for the purpose of pursuing this matter against Defendants.

48. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an

award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

49. Defendants' conduct was a direct and proximate cause of, as well as a substantial factor in, causing serious injuries, damages, and harm to Plaintiff.

50. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and misleading reporting of the Account, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

51. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to UWM that she was not personally responsible for initiating the monthly payments on the Account including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

## COUNT ONE
## FAIR CREDIT REPORTING ACT – VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)
### (As to UWM Only)

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully

restated herein and further state as follows:

52. UWM is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing materially misleading trade-line information regarding Plaintiff to Equifax, Experian, and Trans Union, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian, Equifax, and Trans Union delete the late payment history on the Account after re-investigating Plaintiff's repeated disputes.

53. As described above, Plaintiff authorized UWM to auto debit the monthly payment amount and requested that they continue to do so until the balance on the Account had been extinguished, yet UWM failed to do so, resulting in UWM reporting the Account as thirty (30) days late in October 2024.

54. As such, it is materially misleading for UWM to continue to report the Plaintiff's Account as thirty (30) days late, particularly after Plaintiff's repeated disputes.

55. Despite UWM receiving notice of Plaintiff's disputes from Plaintiff, Experian, Equifax, and Trans Union—including information and documents supporting Plaintiff's disputes— UWM willfully and/or negligently failed to request that Experian, Equifax, and TransUnion delete the thirty (30) day late remark and continued to report derogatory, late payment information to Experian, Equifax, and

Trans Union.

56. UWM's credit reporting is materially misleading.

57. UWM's re-investigations were not conducted in good faith.

58. UWM's re-investigations were not conducted reasonably.

59. UWM's re-investigations were not conducted using all information and documents reasonably available to UWM.

60. As a result of UWM's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, suffered damages to her credit scores and credit reputations, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that misleadingly reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account in Plaintiff's credit reports.

61. UWM's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

62. UWM's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and

entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT TWO:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
**(As to Experian, Equifax, and Trans Union Only)**

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further state as follows:

63. Experian, Equifax, and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

64. Experian, Equifax, and Trans Union each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

65. Specifically, despite Plaintiff advising Experian, Equifax, and Trans Union that UWM's reporting of the Account was misleading because UWM —and not Plaintiff—was responsible for auto debiting the monthly payment, Experian, Equifax, and Trans Union continued to report the Account as thirty (30) days late, resulting in the Account being reported as a derogatory, negative, or adverse account

in Plaintiff's credit reports and credit files.

66. Further, Experian, Equifax, and Trans Union each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Experian, Equifax, and Trans Union credit reports and credit files.

67. Such reporting of the Account is false and evidences Experian, Equifax, and Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

68. As a result of Experian, Equifax, and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and misleading reporting of the Account, suffered damage to the credit scores and credit reputations, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

69. Experian, Equifax, and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages,

and harm to Plaintiff as stated herein.

70. Experian, Equifax, and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)
### (As to Experian, Equifax, and Trans Union Only)

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further state as follows:

71. Experian, Equifax, and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Sections: 1681i(a)(1) by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and/or materially misleading and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4) by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate, misleading, and/or that could not be verified.

72. Specifically, Experian, Equifax, and Trans Union willfully and/or

negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

73. Experian, Equifax, and Trans Union did not request any documents from UWM corroborating information furnished and verified by UWM to Experian, Equifax, and Trans Union regarding Plaintiff and the Account in response to any of Plaintiff's repeated disputes.

74. As such, Experian, Equifax, and Trans Union's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was materially misleading and failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

75. Such reporting is materially misleading and evidences Experian, Equifax, and Trans Union's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

76. Experian, Equifax, and Trans Union's reinvestigations of Plaintiff's disputes were not conducted reasonably.

77. Experian, Equifax, and Trans Union's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by UWM.

78. Experian, Equifax, and Trans Union's reinvestigations of Plaintiff's disputes were not conducted in good faith.

79. Experian, Equifax, and Trans Union's reinvestigation procedures are

unreasonable.

80. Experian, Equifax, and Trans Union's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian, Equifax, and Trans Union.

81. Experian, Equifax, and Trans Union's reinvestigations were *per se* deficient by reason of these failures in Experian, Equifax, and Trans Union's reinvestigations of Plaintiff's disputes and the Account.

82. As a result of Experian, Equifax, and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, suffered damage to her credit scores and credit reputations, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that misleadingly reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

83. Experian, Equifax, and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

84. Experian, Equifax, and Trans Union's actions in violation of 15 United

States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against UWM, Experian, Equifax, and Trans Union for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street North, Suite 260
St. Petersburg, FL  33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2025, I filed a true and correct copy of the above and foregoing *Complaint* via CM/ECF which shall serve a copy of the same to counsel of record for Defendants.

/s/ *Jon P. Dubbeld*

Attorney for Plaintiff